UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAVEN MAYON**                       **CASE NO. 6:24-CV-00497 SEC P**

**VERSUS**                             **JUDGE DAVID C. JOSEPH**

**BLAKE GIOUR**                     **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Plaintiff Raven Mayon filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on April 11, 2024. Doc. 1. At that time, Mayon was detained at the St. Mary Parish Jail in Centerville, Louisiana.

On October 24, 2024, the undersigned ordered plaintiff to amend her complaint. Doc. 7. That order was mailed to plaintiff at the St. Mary Parish Jail, yet returned marked "Return to Sender. Not Deliverable as Addressed. Unable to Forward." Doc. 8.

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Court's correspondence was returned.

Therefore,

**IT IS RECOMMENDED** that the instant complaint be DISMISSED in accordance with the provisions of LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 10th day of December, 2024.

                              **Carol B. Whitehurst**
                              **United States Magistrate Judge**